IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFF FOSTER, ) | | |
| Plaintiff, ) | | |
| v. ) | No. | 12-cv-03130 |
| ) | | |
| PNC BANK, NA, ) | | |
| Defendant. ) | | |

### DEFENDANT PNC BANK'S
### MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

NOW COMES Defendant PNC BANK, NA, by and through its attorneys, Gerald M. Dombrowski of Sanchez Daniels & Hoffman LLP and for its Motion to Dismiss, states as follows:

Defendant, PNC BANK, NA asserts that Plaintiff, JEFF FOSTER has failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Plaintiff filed a six-count Complaint against his mortgage holder, Defendant PNC Bank, asserting various claims regarding his mortgage and lending history with PNC Bank and its predecessor. (See attached Complaint incorporated herein as Exhibit A.) Count I asserts the Defendant violated the Fair Credit Billing Act, 15 USC 1666, *et seq.*, Count II alleges the Defendant violated the Fair Credit Reporting Act, 15 USC 1681n, Count III alleges a breach of contract involving the Plaintiff's mortgage, Count IV asserts a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505-2, *et seq.*, Count V alleges common law defamation and Count VI alleges common law fraud. (Exhibit A)

The entirety of the Plaintiff's Complaint fails to state a cause of action as to any of the six counts pled against the Defendant and should be dismissed with prejudice.

The Plaintiff initially pleads in Count I that Defendant has violated the Fair Credit Billing Act (FCBA), 15 USC §1666, *et seq.* asserting that the Plaintiff repeatedly notified the Defendant of numerous billing errors and that the Defendant failed to timely and properly respond on multiple occasions to each violation under the FCBA. (Exhibit A.) The FCBA only applies to creditors of open-end credit plans. 15 USC §1602(f). The Plaintiff's mortgage is not an open-ended credit plan and the FCBA requires that a plaintiff submit his dispute to the proper address of the defendant. Jeffries v. Dutton & Dutton, PC, 2006 WL 1343629 (N.D.IL 2006). Bare allegations that he had a dispute with PNC and that he told the Defendant of his stance does not satisfy the specific requirements of the FCBA and, thus Count I of the Plaintiff's Complaint should be dismissed.

The Fair Credit Reporting Act (FCRA) requires that consumers register a dispute with a credit reporting agency who then has a responsibility under the Act to pass information regarding the dispute on to the information furnisher. Jeffries citing Nelson v. Chase Manhattan Mortgage Co., 282 F.2d 1057, 1060 (9th Cir. 2002). Therefore, the Plaintiff's allegations in Count II that he complained directly to the Defendant here does not entitle him to relief under the FCRA and, thus Count II should be dismissed.

Count III, the Plaintiff's breach of contract claim, is pre-empted by the FCRA and, thus Count III must fail as a matter of law. Purcell v. Bank of America, 659 F.3d 622 (7th Cir. 2011).

Count IV alleging a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act simply does not apply to the alleged ongoing dispute between the Plaintiff and Defendant here. To adequately plead a private cause of action for a violation of §2 of the

Consumer Fraud Act, a plaintiff must allege (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; (3) the deception occurred in the course of conduct involving trader commerce; (4) actual damage to the plaintiff; and (5) such damages were proximately caused by the deception. Oliviera v. Amoco Oil Co., 201 Ill.2d 134, 149, 776 N.E.2d 151, 160 (2002). The Consumer Fraud Act does not apply and the FCRA pre-empts any breach of contract claim even though the breach of contract claim may be disguised under the Consumer Fraud Act.

The Plaintiff's defamation count, Count V, is entirely pre-empted by the FCRA and to allow a state law defamation claim to stand would defeat the decision that administrative action rather than litigation is the right way to deal with false reports to credit agencies. Purcell at 626.

Count VI, the Plaintiff's common law fraud count, is not pled with the required specificity under Illinois law to withstand a motion to dismiss. Connick v. Suzuki Motor Company, Ltd., 174 Ill.2d 482, 496, 675 N.E.2d 584, 591 (1996). Furthermore, the fraud count is pre-empted by the FCRA pursuant to Purcell, *supra*.

Therefore, the Plaintiff's Complaint at Law should be dismissed in its entirety and with prejudice.

WHEREFORE, Defendant PNC BANK, NA, respectfully requests this Honorable Court to dismiss Plaintiff JEFF FOSTER's Complaint with prejudice and for any further relief this Court deems fair and just.

Respectfully submitted,

SANCHEZ DANIELS & HOFFMAN LLP


By: /s/ Gerald M. Dombrowski
      Attorneys for Defendant
      PNC BANK, NA


Gerald M. Dombrowski #06210375
SANCHEZ DANIELS & HOFFMAN LLP
333 W. Wacker Drive, Suite #500
Chicago, Illinois 60606
312/641-1555