Attorney ID #06210375          PNC-81931          GMD/NCB

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFF FOSTER, | ) | |
| Plaintiff, | ) | |
| v. | ) | No.   12-cv-03130 |
| | ) | |
| PNC BANK, NA, | ) | |
| Defendant. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PNC BANK'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

NOW COMES Defendant PNC BANK, NA, by and through its attorneys, Gerald M. Dombrowski of Sanchez Daniels & Hoffman LLP and for its Memorandum of Law in Support of its Motion to Dismiss, states as follows:

Defendant, PNC BANK, NA asserts that Plaintiff, JEFF FOSTER, has failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and in support of Defendant's Motion to Dismiss, Defendant presents this Memorandum of Law to this Court.

### PLEADINGS

The Plaintiff has filed a six-count Complaint against his mortgage holder, Defendant PNC Bank, asserting various claims regarding his mortgage and lending history with PNC Bank and its predecessor. (See attached Complaint incorporated herein as Exhibit A.) Count I asserts the Defendant violated the Fair Credit Billing Act, 15 USC 1666, *et seq.*, Count II alleges the Defendant violated the Fair Credit Reporting Act, 15 USC 1681n, Count III alleges a breach of contract between the Plaintiff and Defendant involving the Plaintiff's mortgage, Count IV asserts

a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505-2, *et seq.*, Count V alleges common law defamation and Count VI alleges common law fraud.

The entirety of the Plaintiff's Complaint fails to state a cause of action as to any of the six counts pled against the Defendant and should be dismissed with prejudice.

## STANDARD OF REVIEW

A case resolved on a motion to dismiss pursuant to Rule 12(b)(6) does not ask whether the Plaintiff will ultimately prevail but whether his Complaint was sufficient to cross the federal court's threshold. Skinner v. Switzer, 131 S.Ct. 1289 (2011). The requirement that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief does not require detailed factual allegation, but demands more than unadorned "the defendant unlawfully harmed me." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009). A pleading that offers labels and conclusions or formulaic recitation of elements of a cause of action will not do, nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. Id. at 679.

## ARGUMENT

**I.    The Plaintiff Has Failed to State a Cause of Action as to Each of the Six Counts Pled Against the Defendant**

    **A.    Count I: The Plaintiff has not properly pled a violation of the Fair Credit Billing Act**

The Plaintiff initially pleads in Count I that Defendant has violated the Fair Credit Billing Act (FCBA), 15 USC §1666, *et seq.* asserting that the Plaintiff repeatedly notified the Defendant of numerous billing errors and that the Defendant failed to timely and properly respond on multiple occasions to each violation under the FCBA. (Exhibit A.) The FCBA only applies to

creditors of open-end credit plans. 15 USC §1602(f). The term open-end credit plan is defined as follows:

> (A) plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance. A credit plan which is an open-end credit plan within the meaning of the preceding sentence is an open-end credit plan even if credit information is verified from time to time.

15 USC §1602(i).

Here, in taking the Plaintiff's factual allegations as true, there is no allegation that PNC Bank reasonably contemplated repeated transactions beyond the initial mortgage-backed loan the Plaintiff alleges he wanted to modify. Therefore, because Plaintiff's mortgage-backed home loan is not an open-end credit plan, the claim related to billing errors pursuant to the FCBA must be dismissed.

In Jeffries v. Dutton & Dutton, PC, 2006 WL 1343629 (N.D.IL 2006), the plaintiff had secured two loans with the defendant bank, one secured by a first-lien mortgage and the other secured by a second-lien mortgage. The plaintiff alleged various billing errors against the bank and repeatedly contacted the bank and threatened legal action regarding the verification of plaintiff's loan asserting the bank had no valid interest or claim in his property. Id. at 1-2. While the Court held that the bank qualified as a creditor under the FCBA because it regularly extended credit in connection with the sale of property, the billing error section of the FCBA only applied to creditors of open-end credit plans. Id. at 6. The Court held that there was no allegation that the bank reasonably contemplated repeated transactions and thus, the initial loans tied to the plaintiff's property could not be considered an open-end credit plan. Here, the Plaintiff alleges the same facts as in Jeffries and thus his Complaint must fail as a matter of law.

Moreover, the FCBA requires that the Plaintiff submit his dispute to the address at Defendant PNC that is set out in the Plaintiff's monthly statements so that the Defendant would be specifically on notice of any alleged billing errors. The Plaintiff does not assert anywhere in his Complaint that he followed the proper procedure under §1666(a) in sending his dispute to the proper address at PNC. Bare allegations that he had a dispute with PNC and that he told the Defendant of his stance does not satisfy the specific requirements of the FCBA. Thus, Count I of the Plaintiff's Complaint should be dismissed.

### B. Count II: The Plaintiff fails to state a cause of action pursuant to the Fair Credit Reporting Act

The Fair Credit Reporting Act (FCRA) places various requirements on consumer credit reporting agencies, furnishers of credit information to consumer credit reporting agencies and users of consumer credit reports. Jeffries at 5. The Plaintiff alleges that the Defendant repeatedly made false reports to various credit reporting agencies that the Plaintiff was delinquent in his payments and that the Plaintiff repeatedly demanded the Defendant cease in making these allegedly false reports to the credit agencies in violation of the FCRA. (Exhibit A.)

However, §1681s-2(a) of the FCRA requires furnishers of credit information to provide credit reporting agencies with accurate and complete information. Subsections (c) and (d) provide, however, that this requirement may be enforced only by government officials and that consumers are prohibited from bringing a cause of action based on any failure to comply with Subsection (a). Jeffries at 5. Even courts that have recognized a private right of action for consumers under Subsection (b) have held that the duties created by Subsection (b) arise only after the furnisher receives notice from a consumer reporting agency that a consumer is disputing credit information. Jeffries citing Dornhecker v. Ameritech Corp., 99 F.Supp.2d 918, 925 (N.D.Ill. 2000). Thus, assuming that §1681s-2(b) provides a private right of action, the consumer

must register a dispute with the credit reporting agency who then has a responsibility under §1681i(a) to pass information regarding the dispute on to the information furnisher. Jeffries citing Nelson v. Chase Manhattan Mortgage Co., 282 F.2d 1057, 1060 (9th Cir. 2002). Therefore, the information furnisher's obligation to investigate and report is not triggered when a consumer directly contacts the creditor about a dispute. Dumas v. Dovenmuehle Mortgage, Inc., 2005 WL 152 8262 (N.D.Ill. 2005).

Therefore, the Plaintiff's allegations that he complained directly to the Defendant here do not entitle the Plaintiff to relief against the Defendant nor do the allegations comport with the specific requirements of the FCRA. Thus, Count II of the Plaintiff's Complaint should be dismissed.

### C. Count III: The Plaintiff's breach of contract claim is pre-empted by the FCRA

The Plaintiff, rather vaguely, asserts that the Defendant's conduct has denied the Plaintiff the benefit of his previous agreements and forced him to make payments on loans he did not think he should pay. (Exhibit A.) However, the law is clear that the Plaintiff's breach of contract claim is pre-empted by the FCRA.

In Purcell v. Bank of America, 659 F.3d 622 (7th Cir. 2011), the debtor plaintiff brought an action against a bank in state court for violation of the FCRA and asserted various Illinois common law claims. The defendant bank removed the suit to federal court and moved for judgment in its favor and the trial court dismissed the federal claim. Id at 623-624. The plaintiff's common law state claims were dismissed without prejudice to re-filing in state court and the defendant appealed. Id. The defendant contended that the plaintiff's state law counts were entirely pre-empted by §1681t(b) of the FCRA given that the section stated no requirement or prohibition may be imposed under the laws of the state (1) with respect to any subject matter

5

regulated under . . . "(F) §1681s-2 of this title, relating to the responsibility of a person to furnish information to consumer reporting agencies." Id. at 623. The district court decided to adjudicate the federal offense – and rejected it, holding that the word "laws" in §1681t(b) is limited to state statutes, leaving claims based on state common law free to proceed. Id. The court, in holding that the plaintiff's cause of action, including the defamation, invasion of privacy and negligence counts, should be dismissed, stated:

> The specific–over–general cannon gets us nowhere and does not offer a good reason to depart from the norm that courts do not read old statutes to defeat the operation of newer ones – and using §1681h(a) to preserve state-law claims that come within the scope of §1681s-2 would defeat the 1996 decision that administrative action rather than litigation is the right way to deal with false reports to credit agencies.

Id. at 626.

Here, given that FCRA would apply to the dispute between the Plaintiff and the Defendant, the Plaintiff's breach of contract claim is entirely pre-empted and should be dismissed as a matter of law.

### D. Count IV: The Plaintiff's Illinois Consumer Fraud and Deceptive Business Practices Act claim should be dismissed as it does not apply and is pre-empted by FCRA

The Plaintiff briefly pleads that the Defendant's particular actions in failing to credit payments to his account and requiring the Plaintiff to make additional deposits into his escrow accounts constituted unfair and deceptive acts and practices as defined in the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2. (Consumer Fraud Act) (Exhibit A.)

To adequately plead a private cause of action for a violation of §2 of the Consumer Fraud Act, a plaintiff must allege (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; (3) the deception occurred in the course of conduct

involving trade or commerce; (4) actual damage to the plaintiff; and (5) such damages were proximately caused by the deception. Oliviera v. Amoco Oil Co., 201 Ill.2d 134, 149, 776 N.E.2d 151, 160 (2002). An action under the Consumer Fraud Act must be pleaded with the same specificity that has always been a prerequisite to an action for common law fraud. Paul H. Schwendener, Inc. v. Larrabee Commons Partners, 338 Ill.App.3d 19, 30, 787 N.E.2d 192, 201 (2003). Additionally, the complaint must state with particularity and specificity the deceptive manner of the defendant's acts or practices, and the failure to make such allegations requires the dismissal of the complaint. Robinson v. Toyota Motor Credit Corp., 201 Ill.2d 403, 419, 775 N.E.2d 951, 961 (2002).

In Sklodowski v. Countrywide Home Loans, Inc., 358 Ill.App.3d 696, 832 N.E.2d 189 (2005), the plaintiff brought an action against his mortgage holder, *inter alia*, for violation of the Consumer Fraud Act based on the mortgage holder's delay of an escrow money refund to the plaintiff. The court, in granting the defendant's motion to dismiss, held that what the plaintiff calls consumer fraud or an unfair deceptive act is simply an allegation that the defendant failed to fulfill its contractual obligations. Id. at 704. The court further held that a mere breach of contract count clothed in a violation of the Consumer Fraud Act is not appropriate and will not withstand a motion to dismiss. Id. at 704-705. The court held that a naked breach of contract claim does not support a Consumer Fraud Act Claim and thus, the plaintiff's claim as to the Consumer Fraud Act could not stand. Id. at 704.

Here, the Plaintiff alleges the Defendant's failure to credit his payments and forcing him to make additional deposits into his escrow account was somehow a violation of the Consumer Fraud Act. Such a claim does not state a cause of action.

7

Moreover, the Plaintiff's claim under the Consumer Fraud Act cannot stand given that the FCRA pre-empts any breach of contract claim even though the breach of contract claim may be disguised under the Consumer Fraud Act.

### E.  Count V: Plaintiff's defamation count is entirely pre-empted

In Purcell, *supra*, the court specifically ruled that common law counts such as defamation, invasion of privacy and negligence are pre-empted by the FCRA and will not survive a motion to dismiss. Count V alleges that the defendant disseminated false and inaccurate information regarding the plaintiff's credit history to credit reporting agencies and thus defamed him by publishing those reports.

The Purcell case clearly held that state law counts such as defamation should be dismissed along with the FCRA allegations if warranted given that preserving the state law claims that come within the scope of the FCRA would defeat the decision that administrative action rather than litigation is the right way to deal with false reports to credit agencies. Id. at 626. Here, there is no just reason why the defamation allegation in Count V should survive.

### F.  Count VI: Plaintiff's common law fraud count should be dismissed

Under Illinois law, the elements of common law fraud are: (1) a false statement of material facts; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement. Connick v. Suzuki Motor Company, Ltd., 174 Ill.2d 482, 496, 675 N.E.2d 584, 591 (1996). A successful common law fraud complaint must allege, with specificity and particularity, facts from which fraud is the necessary or probable inference, including what misrepresentations were made, when they were made, who made the misrepresentations and to whom they were made. Id.

Here, the Plaintiff merely spells out an ongoing dispute he has had with the Defendant regarding his mortgage, his insurance, his escrow, and disputes over payments he believes he made to the Defendant throughout the life of his mortgage. (Exhibit A.) The Plaintiff fails to meet the elements of pleading common law fraud in Illinois given that the Plaintiff did not rely on any statements from the Defendant and there was no inducement by the Defendant to have the Plaintiff act in any specific manner. The heart of the Plaintiff's Complaint alleges he was not given more favorable terms on his mortgage. This does not constitute fraud.

Moreover, the <u>Purcell</u> case specifically held that common law counts, similar to fraud counts, could not withstand a motion to dismiss in federal court as they are pre-empted by the FCRA.

Therefore, Count VI of the Plaintiff's Complaint at Law should be dismissed.

## **CONCLUSION**

The Plaintiff's six-count Complaint alleging various violations of the FCRA and the Illinois Consumer Fraud and Deceptive Business Practices Act and Illinois common law all fail to state a cause of action for which this Court could grant relief. The FCRA and the FCBA simply do not provide the Plaintiff with relief or with a particular cause of action given that the proper steps were not taken by the Plaintiff to implicate either Act.

Moreover, the Illinois Consumer Fraud and Deceptive Business Practices Act does not apply given that the allegations within the body of the Plaintiff's Complaint do not fall under consumer fraud or under the definition of unfair deceptive acts within the Act itself.

Furthermore, the Plaintiff's allegations of breach of contract, defamation and fraud are entirely pre-empted by the FCRA and further do not comport with proper Illinois common law pleading standards.

Therefore, the Plaintiff's six-count Complaint against the Defendant should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE, Defendant PNC BANK, NA, respectfully requests this Honorable Court to dismiss Plaintiff JEFF FOSTER's Complaint with prejudice and for any further relief this Court deems fair and just.

                                  Respectfully submitted,

                                  SANCHEZ DANIELS & HOFFMAN LLP

                                  By: /s/ Gerald M. Dombrowski
                                        Attorneys for Defendant
                                        PNC BANK, NA

Gerald M. Dombrowski #06210375
SANCHEZ DANIELS & HOFFMAN LLP
333 W. Wacker Drive, Suite #500
Chicago, Illinois 60606
312/641-1555