IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFF FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Joan B. Gottschall |
| | ) | |
| v. | ) | |
| | ) | Case No. 12 CV 3130 |
| PNC BANK NA d/b/a PNC MORTGAGE, | ) | |
| | ) | |
| | ) | PLAINTIFF DEMANDS TRIAL BY JURY |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS**

NOW COMES Plaintiff and Counter-Defendant, JEFF FOSTER, by and through his attorneys, BELLAS & WACHOWSKI, and for his Answer to Defendant's Counterclaim submits as follows:

**COUNT I – JUDGMENT ON FLORIDA NOTE**

1. This Court has jurisdiction over the claims set forth in this Counterclaim on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Plaintiff alleges that he is an Illinois citizen. Defendant PNC Bank, National Association is a citizen of the state of Delaware. The amount in controversy exceeds $75,000.00 excluding interest and costs.

**ANSWER:** Counter-Defendant admits the allegations contained in Paragraph 1.

2. This Court has jurisdiction to adjudicate this Counterclaim pursuant to 28 U.S.C. § 1367, because this suit involves the note and mortgage upon which this Countercliam is brought.

**ANSWER:** Counter-Defendant admits the allegations contained in Paragraph 2.

**FACTS**

3. PNC is the successor by merger to National City Mortgage, Inc., formerly known as National City Mortgage Co., successor by merger to Mid America Bank, FSB.

**ANSWER:** Counter-Defendant admits the allegations contained in Paragraph 3.

4.      On or about Janaury 30, 2004, (Counter) Plaintiff extended credit to Foster in the amount of $1,100,000.00 (the "Florida Loan").  The Florida Loan is evidence by an Adjsutable Rate Note executed by Foster in favor of the (Counter) Plaintiff (the "Florida Note").  A copy of the Florida Note is attached hereto as Exhibit A and by express reference made a part hereof.

**ANSWER:    Counter-Defendant admits that Mid-America extended credit to Foster, but denies the remaining allegation of Paragraph 4.**

5.      Florida Note is secured by a mortgage dated January 30, 2004, executed by Jeff Foster (the "Florida Mortgage") for the property commonly known as 56 Fiesta Way, Fort Lauderdale, Florida 33301 (the "Florida Property").

**ANSWER:    Counter-Defendant denies the allegations contained in Paragraph 5.**

6.      A true and accurate copy of the Florida Mortgage is attached as Exhibit B and by express reference made a part hereof.

**ANSWER:    Counter-Defendant denies the allegations contained in Paragraph 6.**

7.      That the Florida Note dictates that failure to pay the monthly principal and interest payments is an event of default by Foster upon the terms of the Florida Note.

**ANSWER:    Counter-Defendant denies the allegations contained in Paragraph 7.**

8.      As a result of said default, the Plaintiff accelerated all indebtedness under the Note as is reflected in separate default letters dated January 19, 2012, February 3, 2012 and April 17, 2012 (the "Default Letters"), sent by the Plaintiff to Foster.  True and correct copies of the Default Letters are attached hereto as Exhibit C and by express reference made a part hereof.

**ANSWER:    Counter-Defendant denies that he was in default and Counter-Plaintiff has failed to specify the nature of the alleged default.  In further response, Counter-Defendant denies he received letters dated January 19, 2012, February 3, 2012 and April 17, 2012 from (Counter) Plaintiff and denies the remaining allegations contained in Paragraph 8.**

9.      As of December 31, 2012, there was due and owing to PNC under the Florida Note outstanding principal in the amount of $1,095,615.54.  In addition, PNC is due and owing accrued and unpaid interest, advances and attorneys fees and costs in connection with the Florida Note.

**ANSWER:    Counter-Defendant denies the allegations contained in Paragraph 9.**

10.     Therefore, PNC is entitled to judgment on the Florida Note.

**ANSWER:** **Counter-Defendant denies the allegations contained in Paragraph 10.**

WHEREFORE, Plaintiff JEFFERY FOSTER, by and through his attorneys, BELLAS & WACHOWSKI, prays for judgment for Plaintiff/Counter-Defendant and against Defendant/Counter-Plaintiff PNC BANK, NATIONAL ASSOCIATION, and for any such further relief the Court deems necessary and just.

## COUNT II – JUDGMENT ON HELOC

1. This Court has jurisdiction over the claims set forth in this Counterclaim on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Plaintiff alleges that he is an Illinois citizen. Defendant PNC Bank, National Association is a citizen of the state of Delaware. The amount in controversy exceeds $75,000.00 excluding interest and costs.

**ANSWER:** **Counter-Defendant admits the allegations contained in Paragraph 1.**

2. This Court has jurisdiction to adjudicate this Counterclaim pursuant to 28 U.S.C. § 1367, because this suit involves the note and mortgage upon which this Counterclaim is brought.

**ANSWER:** **Counter-Defendant admits the allegations contained in Paragraph 2.**

### FACTS

3. PNC is the successor by merger to National City Mortgage, Inc., formerly known as National City Mortgage Co., successor by merger to Mid America Bank, FSB.

**ANSWER:** **Counter-Defendant admits the allegations contained in Paragraph 3.**

4. On or about May 31, 2006, (Counter) Plaintiff extended credit to Foster in the amount of $1,890,000.00 (the "HELOC Loan"). The HELOC Loan is evidenced by a Home Equity Line of Credit Agreement and Promissory Note executed by Foster in favor of the (Counter) Plaintiff (the "HELOC Note"). A copy of the HELOC Note is attached hereto as Exhibit D and by express reference made a part hereof.

**ANSWER:** **Counter-Defendant admits that credit was extended to him but denies the remaining allegations contained in Paragraph 4 of the Complaint and denies execution of the Note attached as "Exhibit D".**

5. The HELOC Note is secured by a mortgage dated May 31, 2006, executed by Foster (the "Illinois Mortgage") for the property commonly known as 6201 N. Kilpatrick Ave., Chicago, IL (the "Illinois Property").

**ANSWER:** **Counter-Defendant denies the allegations contained in Paragraph 5.**

6.      A true and accurate copy of the Illinois Mortgage is attached as Exhibit E, and by express reference made a part hereof.

**ANSWER:     Counter-Defendant denies the allegations contained in Paragraph 6.**

7.      That the HELOC Note provides that failure to pay the monthly principal and interest payments is an event of default by Foster upon the terms of the HELOC Note.

**ANSWER:     Counter-Defendant denies the allegations contained in Paragraph 7.**

8.      As a result of said default, the Plaintiff accelerated all indebtedness under the Note as is reflected in separate default letters dated October 19, 2011 and April 24, 2012 (the "Illinois Default Letters"), sent by the Plaintiff to Foster.  True and correct copies of the Illinois Default Letters are attached hereto as Exhibit F and by express reference made a part hereof.

**ANSWER:     Counter-Defendant denies that he was in default and Counter-Plaintiff has failed to specify the nature of the alleged default.  In further response, Counter-Defendant denies he received letters dated October 19, 2011 and April 24, 2012 from Counter-Plaintiff but denies the remaining allegations contained in Paragraph 8.**

9.      As of June 28, 2013, there is (a) principal due and owing under the HELOC Note in the total amount of $1,868, 151.55, (b) interest due and owing under the HELOC Note in the total amount of $40,694.60, (c) plus other charges totaling $1,711.62 and (d) additional legal and consultant fees and expenses, appraisal fees, and other costs incurred under the HELOC Note not included therein, for a total amount owing (excluding attorneys fees and costs) of $1,911,182.32.

**ANSWER:     Counter-Defendant denies the allegations contained in Paragraph 9.**

10.     Therefore, PNC is entitled to judgment on the HELOC Note.

**ANSWER:     Counter-Defendant denies the allegations contained in Paragraph 10.**

WHEREFORE, Plaintiff JEFFERY FOSTER, by and through his attorneys, BELLAS & WACHOWSKI, prays for judgment for Plaintiff and against Defendant PNC BANK, NATIONAL ASSOCIATION, and for any such further relief the Court deems necessary and just.

### COUNT III – FORECLOSURE OF 6201 N. KILPATRICK MORTGAGE

11.     PNC expressly incorporates as though fully set forth herein paragraphs 1-10 of its Counterclaims as Paragraph 11 of the Counterclaims.

**ANSWER:     Counter-Defendant incorporates his answers of Paragraph 1-11 of its**

**Counterclaims as Paragraph 11 of Count III.**

12. The Plaintiff files this Count I pursuant to 735 ILCS 5/15-1101, et seq., to foreclose the Mortgage, and in connection therewith joints the following persons as defendants:
 (a) Jeffery M. Foster

**ANSWER: Counter-Defendant admits that Jeffrey M. Foster has been named as a Defendant in this matter but denies that he is responsible for the mortgage.**

13. Attached are the following exhibits which are true and correct copies of the originals thereof:
 (A) Exhibit D is a copy of the HELOC Note;

**ANSWER: Counter-Defendant denies the allegations contained in Paragraph A.**

 (B) Exhibit E is a copy of the Illinois Mortgage;

**ANSWER: Counter-Defendant denies the allegations contained in Paragraph B.**

 (C) Exhibit F is a copy of the default letter dated July 3, 2012

**ANSWER: Counter-Defendant denies the allegations contained in Paragraph 13 and further denies any default letters were issued to Counter-Defendant.**

14. Information concerning the Mortgage:

A. Nature of Instrument: Mortgage

**ANSWER: Counter-Defendant denies the allegations contained in Paragraph A.**

B. Date of Mortgage: May 31, 2006

**ANSWER: Counter-Defendant denies that he ever executed the alleged mortgage dated May 31, 2006 in Paragraph B.**

C. Name of Mortgagor: Jeffery M. Foster

**ANSWER: Counter-Defendant admits the allegations contained in Paragraph C.**

D. Name of Mortgagee: MidAmerica Bank, fsb (n/k/a PNC Bank, National Association)

**ANSWER: Counter-Defendant denies the allegations contained in Paragraph D.**

E.  Date and place of recording:  June 22, 2006

**ANSWER:** **Counter-Defendant denies the allegations contained in Paragraph E.**

F.  Identification of recording:  Document No. 0617308074

**ANSWER:** **Counter-Defendant denies the allegations contained in Paragraph F.**

G.  Interest subject to Mortgagee:Fee Simple

**ANSWER:** **Counter-Defendant denies the allegations contained in Paragraph G.**

H.  Amount of original indebtedness, including subsequent advances made under the mortgage:
> ONE MILLION EIGHT HUNDRED NINETY AND 00/100THS DOLLARS ($1,890,000,000.00)

**ANSWER:** **Counter-Defendant denies the allegations contained in Paragraph H.**

I.  Legal description, common address and property identification number of the mortgaged real estate:

Legal description:

LOTS 132, 133, 134 AND THE SOUTHERLY ½ OF LOT 135 IN GEORGE F. KOESTER AND CO'S SECON ADDITION TO SAUGANASH, A SUBDIVISION IN CALDWELL'S RESERVE IN TOWNSHIP 40 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED MARCH 15, 1928, AS DOCUMENT 9956617, IN COOK COUNTY, ILLINOIS

> PIN 13-03-113-023-0000
> COMMONLY KNOWN AS:  6201 N. Kilpatrick Ave., Chicago, IL 60646

> Improved with a single family residence

**ANSWER:** **Counter-Defendant admits the allegations contained in Paragraph I.**

J.  Statement as to defaults and amounts now due:

The mortgagor defaulted under the Mortgage for failure to pay the monthly payments when due. The amount now due by Foster to the Plaintiff as of June 28, 2013, not including additional attorney's fees and expenses, appraisal fees, title charges and other costs incurred under the Loan Documents:

| | |
|---|---|
| Unpaid Principal | $1,868,151.55 |
| Unpaid Interest | $40,694.60 |

      Late Charges                                             $1,711.62
      TOTAL                                                  $1,911,182.32

**ANSWER:** **Counter-Defendant denies the allegations contained in Paragraph J.**

K.     Name of present owner of the mortgaged premises:

Jeffrey M. Foster

**ANSWER:** **Counter-Defendant admits the allegations contained in Paragraph K.**

L.     Names of other persons who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

**ANSWER:** **Counter-Defendant admits the allegations contained in Paragraph L.**

M.     Name of defendants claimed to be personally liable for deficiency, if any:

**ANSWER:** **Counter-Defendant denies the allegations contained in Paragraph M.**

N.     Capacity in which Plaintiff brings this foreclosure:
As mortgagee under the Mortgage recorded as Document No. 0617308074, together with all the indebtedness secured thereby.
**ANSWER:** **Counter-Defendant denies the allegations contained in Paragraph N.**

O.     Facts in support of shortened redemption period:

The Mortgagee expressly reserves the right to enforce any provisions of the Illinois Mortgage, wherein the mortgagor waives any and all rights of redemption from sale under any order or decree of foreclosure of the Mortgage.

**ANSWER:** **Counter-Defendant denies the allegations contained in Paragraph O.**

P.     Statement that the right of redemption has been waived by all owners of redemption:
The Mortgagee expressly reserves the right to enforce any provisions of the Illinois Mortgage, wherein the mortgagor waives any and all rights of redemption from sale under any order or decree of foreclosure of the Mortgage.

**ANSWER:** **Counter-Defendant denies the allegations contained in Paragraph P.**

Q.     Facts in support of request for attorney's fees, costs and expenses, if applicable:
Plaintiff is entitled to recover all expenses including, but not limited to, attorney's fees and costs, that it incurs pursuant to the terms of the Mortgage and pursuant to the terms of the HELOC Note.

**ANSWER:** **Counter-Defendant denies the allegations contained in Paragraph Q.**

R.  Facts in support of request for appointment of mortgagee-in-possession or for appointment of a receiver, and the identity of the receiver if sought:

**ANSWER:** **Counter-Defendant denies the allegations contained in Paragraph R.**

S.  Offer to mortgagor in accordance with Section 15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the Mortgage without judicial sale:

**ANSWER:** **Counter-Defendant denies the allegations contained in Paragraph S.**

T.  Name or names of defendants whose right to posses the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated, and, if not elsewhere stated, the facts in support thereof:

**ANSWER:** **Counter-Defendant denies the allegations contained in Paragraph T.**

WHEREFORE, Plaintiff JEFFERY FOSTER, by and through his attorneys, BELLAS &

WACHOWSKI, prays for judgment for Plaintiff and against Defendant PNC BANK,

NATIONAL ASSOCIATION, and for any such further relief the Court deems necessary and

Dated: August 5, 2013.

           JEFF FOSTER, Plaintiff,

         By: /s/ George S. Bellas
           GEORGE S. BELLAS
           One of Plaintiff's Attorneys

George S. Bellas (george@bellas-wachowski.com)
Misty J. Cygan (misty@bellas-wachowski.com)
BELLAS & WACHOWSKI
Attorneys for Plaintiff
15 N. Northwest Highway
Park Ridge, IL 60068
Ph: 847-823-9030