IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jeff Foster, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | Case No. 2012 cv 3130 |
| v. ) | |
| ) | Honorable Mary M. Rowland |
| PNC Bank, National Association, ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |

## **JUDGMENT OF FORECLOSURE AND SALE**

THIS CAUSE HAVING BEEN HEARD By the Court upon the pleadings and affidavits filed herewith, the Court finds:

1. That it has jurisdiction of the parties to and the subject matter of this suit.

2. That all of the material allegations in the Counter-complaint filed by PNC Bank, National Association ("PNC" or "Counter-Plaintiff") herein are true and proved.

3. That the equities of this cause are with the Counter-Plaintiff.

4. That Jeff Foster, the Counter-Defendant was served with a copy of the Counter-complaint by electronic filing on June 28, 2013[Doc. No.36].

5. That Counter-Defendant Jeff Foster filed his answer to the Counter-complaint on August 5, 2013 [Doc. No. 42].

6. That the Mortgage designated in the Counter-complaint and hereby foreclosed by this Judgment appears of record in the office of Recorder of Deeds, in Cook County, Illinois as Document No. 0617308074 recorded on June 22, 2006, and the property referred to and directed to be sold is described as follows:

1

LOT 132, 133, 134 AND THE SOUTHERLY 1/2 OF LOT 135 IN GEORGE F. KOESTER AND COMPANY'S 2nd ADDITION TO SAUGANASH, A SUBDIVISION IN CALDWELL'S RESERVE IN TOWNSHIP 40 NORTH, RANGE 13 EAST OF THE 3rd PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED MARCH 15, 1928, AS DOCUMENT NO. 9956617, IN COOK COUNTY, ILLINOIS.

P.I.N. 13-03-113-023

COMMONLY KNOWN AS:   6201 N. Kilpatrick, Chicago, IL 60646

7. That under the provisions of the mortgage sought to be foreclosed herein, the cost of the foreclosure suit is an additional indebtedness which the Counter-Plaintiff may be reimbursed and Counter-Plaintiff reserves the right to pursue recovery of said costs, including attorney's fees pursuant to Local Rule 54.3 of the general rules of the United States District Court for the Northern District of Illinois.   The court grants Counter-Plaintiff leave to submit its petition for reimbursement of attorney's fees and costs allowed under the mortgage sought to be foreclosed herein, as allowed under Local Rule 54.3, and any attorney's fees and costs approved by this Court shall be allowed as an additional lien against the real property described above for purposes of the foreclosure sale.

Should the Court grant Counter-Plaintiff's petition for reimbursement of attorney's fees and costs, said order shall provide that the Court has approved the portion of the lien attributable to attorneys' fees only for purposes of the foreclosure sale, and not for purposes of determining the amount required to be paid personally by Counter-Defendant in the event of redemption by Counter-Defendant, or a deficiency judgment, or otherwise. In the event of redemption by Counter-Defendant or for purposes of any personal deficiency judgment, this court reserves the right to review the amount of attorneys' fees to be included for either purpose. Counter-Plaintiff's counsel will be required to notify Counter-Defendant of the provisions of this paragraph at the time the Court grants all or any portion of Counter-Plaintiff's petition for reimbursement of attorney's

fees and costs.

8. That PNC has a valid and subsisting mortgage lien and that the mortgage lien is superior to the lien of any and all parties hereto for the sum of the total amounts stated below with interest as stated, and for the fees, costs and commission on sale and subject to inclusion of any fees and costs allowed PNC pursuant to paragraph 7 above.

LOAN BALANCES THROUGH March 24, 2019

| | |
|---|---|
| Principal Balance | $1,868,151.55 |
| Interest | $ 40,694.62 |
| Late Charges | $ 1,711.62 |
| Total | $1,910,557.77 |

9. The lien rights of the Counter-Plaintiff and the right, title, interest, claim or lien any and all parties in this foreclosure, including Counter-Defendant and all non-record claimants shall be terminated upon the confirmation of the judicial sale.

10. That the Court further finds that there is due and owing to the Counter-Defendants immediately hereinafter stated, if any, the sums set forth, as a lien(s) upon the subject premises, subordinate and inferior to the lien and interest of the Counter-Plaintiff pursuant to the verified pleadings filed herein:

None at this time.

11. Except for Counter-Plaintiff, any other party claiming an interest in the premises or the proceeds of the judicial sale of the mortgage real estate is deferred in proving its priority until the hearing to confirm the sale.

12. That pursuant to the terms of the Mortgage and loan documents, the Court finds said mortgaged real estate is residential real estate. Therefore, pursuant to 735 ILCS 5/15-1603(b) the period of redemption shall expire on the latter of seven months from the date of service or three

months from the date of entry of a judgment of foreclosure, that being **September 3, 2020.**

  IT IS THEREFORE ORDERED:

  I. IT IS ADJUDGED that the owners of the equity of redemption were served with summons or appeared in this matter, as shown in paragraph four above.

  II. That unless, within time allowed by law, if any, the Counter-Defendant(s) pay to the Plaintiff the amounts set forth in paragraph 9 of this judgment, plus any attorneys fees and costs allowed under paragraph 7 of this judgment, with the mortgage rate of interest thereon except for interest on attorneys' fees or, if the premises are not redeemed within the time allowed by law as prescribed by Sections 735 ILCS 5/15-1603(b) (d) (e) and (f), if any, and after the expiration of the reinstatement period provided by 28 U.S.C. 1961, if any, the real estate described as follows with all improvements, fixtures, and appurtenances thereto, or so much of said real estate which may be divisible and sold separately without material injury to the parties in interest, shall be sold at public auction to the highest bidder for cash by the INTERCOUNTY JUDICIAL SALES CORPORATION, or any other officer as designated by this court (both hereafter referred to as "SALE OFFICER") at a time and place to be selected by the SALE OFFICER.

  LOT 132, 133, 134 AND THE SOUTHERLY 1/2 OF LOT 135 IN GEORGE F. KOESTER AND COMPANY'S 2nd ADDITION TO SAUGANASH, A SUBDIVISION IN CALDWELL'S RESERVE IN TOWNSHIP 40 NORTH, RANGE 13 EAST OF THE 3rd PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED MARCH 15, 1928, AS DOCUMENT NO. 9956617, IN COOK COUNTY, ILLINOIS.

  P.I.N. 13-03-113-023

  COMMONLY KNOWN AS: 6201 N. Kilpatrick, Chicago, IL 60646

  III. If the Counter-Plaintiff chooses to utilize a marketing platform for the subject property, the Counter-Plaintiff is authorized to engage an independent contractor to implement a national marketing platform to reach a larger market for potential third party bidders. The marketing platform shall include

providing sale information on a national website, direct-mail advertising, print media marketing, radio marketing, and localized advertising in specific communities. All costs for the additional services provided by the independent marketing contractor shall be borne by the Counter-Plaintiff or the independent marketing contractor. None of the additional costs shall be borne by the Counter-Defendant(s). The independent marketing contractor waives any potential lien rights it may have in the real estate regarding non-payment of the additional costs borne by the Counter-Plaintiff.

  IV. That the Sale Officer is appointed to execute this judgment. The notice of sale shall be published at least 3 consecutive calendar weeks (Sunday through Saturday), once in each week, the first such notice to be published not more than 45 days prior to the sale, the last such notice to be published not less than 7 days prior to the sale, by:

 (A) advertisements in a newspaper circulated to the general public in the county in which the real estate is located, in the section of that newspaper where legal notices are commonly placed; and

 (B) separate advertisements in the section of such a newspaper, which may <u>not be the same newspaper</u> used for section (A), in which real estate other than real estate being sold as part of legal proceedings is commonly advertised to the general public, there being no requirement for the second advertisement to include a legal description; and

 (C) such other publication as may be further ordered by the court.

  V. That said sale may be adjourned at the discretion of the party conducting it provided, however, that if the adjourned sale date is to occur less than sixty days after the last scheduled sale, notice need not be given.

  VI. That Counter-Plaintiff, or any of the parties herein, may become the purchaser at such sale; that if Counter-Plaintiff is the successful bidder at said Sale, the amount due the plaintiff, plus all costs, advances and fees hereunder, plus any and all additional costs, advances and fees allowed by law, shall be taken as a credit on its bid.

  VII. That said Sale Officer upon making such sale, shall immediately execute and deliver

to the purchaser a Receipt of Sale and, with all convenient speed, file a report of sale and distribution with the Court for its approval and confirmation; that said Sale Officer shall include in the report of sale a breakdown of the distribution of the sale proceeds and attach a copy of the Receipt of Sale; that out of the proceeds of sale, distribution shall be made in the following order of priority:

    (a) The Sale Officer for his disbursements and commissions;

    (b) To the Counter-Plaintiff or its attorney, the amounts set forth in paragraph 8, together with interest thereon at the statutory judgment rate from the date of judgment, through the date of the Sale; together with the amounts of other expenses including attorneys' fees authorized by the Court which the Counter-Plaintiff reasonably incurs between the date of entry of this Judgment and the date of sale or redemption, plus any additional costs and sale;

    VIII.    That, if after payment of the above items there shall be a remainder, said Sale Officer shall hold this surplus subject to the further order of this Court; that, if there are insufficient funds to pay in full the amounts found due herein, said Sale Officer shall specify the amount of this deficiency in the report of sale.

    IX.    That, upon payment in full of the bid amount, the party conducting said sale shall issue in duplicate a certificate of sale in recordable form describing the real estate purchased and the amount paid therefor and this certificate shall be freely assignable; upon confirmation of sale and upon payment of the purchase price and any other amounts required to be paid by the purchaser at sale, the party conducting said sale shall, upon the request of the holder of the certificate of sale, or the purchaser if no certificate of sale was issued, execute and deliver to the holder or purchaser a deed sufficient to convey title; that said conveyance shall be an entire bar to all claims of the parties to the foreclosure and all persons claiming thereunder and all claims of Unknown Owners and any Non-Record Claimants.

    X.    That the parties hereto who shall be in possession of said premises, or any part thereof, or any person who may have come into such possession under them, or any of them, since the commencement of this suit, shall, immediately after the confirmation of the Sale, surrender

6

possession of said premises to the purchaser, his representative or assigns; that the order confirming said sale shall so provide

XI.     That pursuant to the terms of the Mortgage and loan documents, the Court finds said mortgaged real estate is residential real estate.  Therefore, pursuant to 735 ILCS 5/15-1603(b) the period of redemption shall expire on the latter of seven months from the date of service or three months from the date of entry of a judgment of foreclosure, that being **SEPTEMBER 3, 2020.**

XIV.   Plaintiff, PNC, shall within seven (7) days from the entry of the order of this judgment of foreclosure and sale mail copies of it to Defendants at their last know addresses.

DATE: June 2, 2020

ENTER: ___*Mary M Rowland*___
JUDGE

Marcel C. Duhamel, Esq. (Ohio Bar No. 0062171 *pro hac vice*)
Lindsay Doss Spillman, Esq. (Ohio Bar No. 0086849 *pro hac vice*)
Vorys Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, OH 44114
(216) 479-6100
mcduhamel@vorys.com
ldspillman@vorys.com

James M. Crowley, Esq. (ARDC 6182597)
John F. Sullivan, Esq.   (ARDC 6205900)
Plunkett Cooney, PC
221 N. LaSalle Street, Suite 1550
Chicago, IL 60601
(312) 670-6900
jcrowley@plunkettcooney.com
jsullivan@plunkettcooney.com