UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFF FOSTER, | Case No: 12-cv-3130 |
| Plaintiff/Counter-Defendant, | |
| v. | Honorable Mary M. Rowland |
| PNC BANK, N.A., | |
| Defendant/Counter-Plaintiff. | |

## MOTION TO STAY JUDICIAL SALE

Now comes Jeff Foster ("Foster"), Plaintiff and Counter-Defendant in the above-captioned litigation, and moving for an order of this Court staying the judicial sale of Foster's real estate located at 6201 N. Kilpatrick Avenue, Chicago, Illinois, 60646 (the "Property").

PNC Bank, N.A. ("PNC") the Defendant and Counter-Plaintiff, has issued a notice (attached hereto as Exhibit A), indicating that the sale of the Property will be conducted by Intercounty Judicial Sales Corp. at noon on June 7, 2022.

The sale should be stayed, in the interests of judicial economy, and because conducting the sale on June 7, 2022, would cause significant prejudice to Foster.

The sale should be stayed until, at minimum, the deadline to seek a writ of *certiorari* has passed as with reference to the Seventh Circuit's eventual disposition of Foster's appeal of this Court's earlier order granting PNC's motion for summary judgment. For want of a date certain, however, this Court should enter an order staying the judicial sale of Foster's home for no less than 120 days.

In support of this request, Foster states as follows.

{00219938 2}

1. <u>Judicial economy and the possibility of hardship to Foster warrant a stay of the judicial sale.</u>

The above-captioned litigation concerns multiple claims and counterclaims, regarding both a property located at 56 Fiesta Way, Fort Lauderdale, Florida and the Property. Foster commenced this litigation to vindicate his rights subsequent to PNC's mishandling of his loans on these properties. In response, PNC brought various affirmative defenses and counterclaims against Foster claiming breaches of the notes and seeking the foreclosure of the Property.

PNC moved for summary judgment, arguing that no genuine issue of material fact existed as to any of Foster's claims or its counterclaims, and on March 25, 2020, this Court granted PNC's motion for summary judgment and entering a partial final judgment as to the Florida property. Mr. Foster filed a notice of appeal of the judgment related to the Florida Property on April 22, 2020.

For the Property, the Court's order directed PNC to submit a judgment of foreclosure for the Illinois property. On May 19, 2020, PNC filed a "Motion to Appoint Selling Officer," which was ultimately granted with an entry of a judgment of foreclosure. Now, nearly two years later and while an appeal related to the partial final judgment entered regarding the Florida property has been fully briefed and argued, PNC seeks to proceed with the sale of the Property.

This Court has the inherent authority to stay proceedings, to control the disposition of cases before it. "In considering a motion for stay, courts consider both the interests of judicial economy and the potential prejudice or hardship to the parties." *Smith v. Merck & Co., Inc.*, 2006 WL 3842190 (S.D.Ill 2006), *citing Bd. Of Trs. Of the Teachers' Ret. Sys. Of the State of Ill. v. WorldCom, Inc.*, 244 F.Supp.2d 900, 905-06 (N.D.Ill. 2002).

With reference to judicial economy, Foster notes that this case has taken two different tracks with reference to the Florida properties and the Illinois property. This Court's entry of a partial final judgment with reference to the Florida property has been appealed to the Seventh Circuit Court of Appeals, and an opinion and order from that Court are expected imminently: Briefing has been completed, and

{00219938 2}

oral argument was conducted on December 1, 2021. It would not foster judicial economy to allow the judicial sale of the Property so close to a likely opinion from the Seventh Circuit, especially since that opinion will likely provide both Foster and PNC with significant insights into how it would evaluate this Court's rulings on the claims related to the Property.

Furthermore, the risk of prejudice for Foster would be significant. Most significantly, the Judgment of Foreclosure enabling PNC to sell the property is not, itself, an appealable order, but the Seventh Circuit is nonetheless considering whether this Court erred when it found in PNC's favor on its motion for summary judgment, at least as to the Florida property; its opinion may relate to rulings the Court made regarding the Property. While PNC sought and was granted summary judgment on its foreclosure counterclaim, a judgment of foreclosure is not an appealable order. Nonetheless, if the Seventh Circuit reverses this Court's grant of summary judgment, the completion of the sale would deprive Foster of a meaningful opportunity to preserve his ownership of the Property even if he ultimately prevails on his claims.

Should the sale not be stayed, and should the Seventh Circuit not reverse the district court's order granting PNC summary judgment before the sale, Mr. Foster may seek to file a voluntary petition in bankruptcy to obtain an orderly resolution of his debts. Conducting the sale of the Illinois property while the appeal relating to the Florida property is pending would risk Foster's ability to timely file accurate and complete schedules, his statement of financial affairs, his plan, and may materially impact the feasibility of such a plan. All parties are aware that this litigation has been pending for an extremely long time, but PNC's interests in liquidating the Kilpatrick property are not so pressing that Foster's rights should be hamstrung in such a fashion. Indeed, PNC has already shown as much by waiting nearly two years to schedule the sale of the Property.

2. <u>PNC's notice of sale is materially deficient.</u>

Furthermore, the Counter-Plaintiff's notice of sale – attached hereto as Exhibit A – does not comply with this Court's Local Rule 69.1. Local Rule 69.1 provides that notice suffices in the following form:

> Pursuant to (*order or judgment*) of the United States District Court for the Northern District of Illinois, _____ Division, filed in the office of the clerk of that Court on (d*ate*) in the cause entitled (n*ame and docket number*) the undersigned will sell at public sale at (p*lace of sale*) on (*date and hour of sale*) the property in said (*order or judgment*) described and therein directed to be sold, to which (*order or judgment*) reference is made for the terms of sale and for a description of the property which may be briefly described as follows […]

Local Rule 69.1, eff. March 29, 2021.

Rather than following this format, PNC elected to notice its sale in an entirely different way. While PNC's notice of sale bears most of the information that Local Rule 69.1 mandates, the Notice of Sale fails to clarify, to the Defendant's deprivation, that the sale would be open to the public and all available buyers; identifying that the notice is a "public notice" does not satisfy 69.1's requirement that the sale be identified as a public sale.

The requirement that readers of the notice be informed that the sale be public makes good sense; greater interest from the public would increase possible bids and increase Foster's surplus (or diminish Foster's deficiency). PNC's failure to follow the local rules harms Foster's property interests under Illinois law, and necessitates remedy by PNC before the sale can be conducted.

WHEREFORE the Plaintiff/Counter-Defendant, Jeff Foster, requests this Court enter an order continuing the judicial sale of 6201 N. Kilpatrick, Chicago, IL for no less than 120 days, and issuing such other relief as this Court may deem just and proper.

Dated: May 24, 2022 　　　　　　　　　**Jeff Foster,**

　　　　　　　　　　　　　　　　　　By: */s/ Justin Storer*
　　　　　　　　　　　　　　　　　　One of His Attorneys

Prepared by:
Justin Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:　　(312) 878-6976
Email:　jstorer@wfactorlaw.com

{00219938 2}